# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENLEY MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HENLEY MENDEZ ("Plaintiff"), through Plaintiff's attorneys, Law Offices of M. Edvard Shprukhman, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in College Park, Prince George's County, Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Maryland.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. See Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. See Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. In 2013, Defendant was hired to collect on the alleged debt.

21. Defendant called Plaintiff at 301-345-39xx in an attempt to collect on the alleged debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the alleged debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "This message is for Henley Mendez. My name is Sasha Laughler. It's important you return my call today. My number is 866-862-2793. Again my name is Sasha Laughler."

25. Defendant's collector that left the message transcribed in paragraph 24 was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

26. Defendant's message for Plaintiff does not state that the call is from GC Services, LP.

27. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

28. Defendant's collector that left the message transcribed in paragraph 24 is familiar with the FDCPA.

29. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

30. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

31. The telephone number of 866-862-2793 is one of Defendant's telephone numbers.

32. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

33. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

34. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

35. Defendant recorded all of its telephone communications with third parties regarding the Account.

36. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

37. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

38. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated §1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

40. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, HENLEY MENDEZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

44. Any other relief that this Honorable Court deems appropriate.

                            RESPECTFULLY SUBMITTED,

November 27, 2013          By: /s/_____M. Edvard Shprukhman_____
                                      M. Edvard Shprukhman
                                      Law Offices of M. Edvard Shprukhman
                                      8202 Anita Rd.
                                      Baltimore, MD 21208
                                      Tel: 410-262-6448
                                      E-mail: legalhelptoday@gmail.com